IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ROBERT BOSCH HEALTHCARE SYSTEMS, INC., <br><br> *Plaintiff*, <br><br> *v.* <br><br> CARDIOCOM, LLC and ABBOTT DIABETES CARE, INC., *et al.*, <br><br> *Defendants*. | § § § § § § § § § § § § § CASE NO. 2:13-CV-00349-JRG |

## ORDER

Before the Court is Defendant Cardiocom, LLC's ("Cardiocom") Motion to Transfer Venue Pursuant to the First-Filed Rule and Principles of Dominant Jurisdiction (Dkt. No. 15), filed June 17, 2013. Cardiocom asks the Court to transfer this case to the United States District Court for the Northern District of California, where Plaintiff Robert Bosch Healthcare Systems, Inc. ("Bosch") has already filed suit against Cardiocom for infringement of six patents related to the patents at issue in this case. Having considered the matter carefully, the Court finds that Defendant's motion to transfer should be and hereby is **GRANTED**.

The parties dispute the law governing transfer under the first-to-file doctrine. In particular, they dispute whether the Court should transfer this case automatically or near-automatically under *Mann Manufacturing, Inc. v. Hortex, Inc.*, 439 F.2d 403, 406-08 (5th Cir. 1971) or whether it should consider the convenience factors governing transfer under 28 U.S.C. § 1404(a), as arguably required by the Federal Circuit in *Micron Technology, Inc. v. Mosaid*

*Technologies, Inc.*, 518 F.3d 897, 904-05 (Fed. Cir. 2008). The Court need not resolve this question, because it finds that transfer is warranted under either circumstance.

The issues in this case substantially overlap with the issues in suit in the first-filed California case. All twelve of the patents-in-suit in both California and Texas share an inventor and all relate to remote monitoring of patient health. The patents in both cases share specification language, prior art references, drawings, and priority claims. Four of the patents in this suit share a portion of their file history with patents in the California suit, and the Patent and Trademark Office suggested that some of the patents-in-suit in this case were not patentably distinct from some of the patents in the California case. This suit accuses many of the same products as the California suit. These similarities suggest that judicial economy and comity would be served by transferring this case to the Northern District of California.

This is true even if the Court considers the convenience factors typically at issue in a motion to transfer under 28 U.S.C. § 1404(a). Having considered both the private and public interest factors outlined in *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*Volkswagen II*), the Court finds that the most convenient venue for this case is the United States District Court for the Northern District of California. Most important here to the Court's calculus are the "other practical problems that make trial of a case easy, expeditious, and inexpensive" which the Court must consider under *Volkswagen II.* Here, the Court finds that considerations of comity and judicial efficiency weigh heavily in favor of transfer, and are not substantially offset by other *Volkswagen II* factors.

Accordingly, **IT IS HEREBY ORDERED** that this case is transferred to the United States District Court for the Northern District of California.

**So ORDERED and SIGNED this 10th day of March, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

3