UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BOSCH HEALTHCARE SYSTEMS, INC.,<br><br>   Plaintiff,<br><br>  v.<br><br>CARDIOCOM, LLC, *et al.*,<br><br>   Defendants.<br>_____/ | No. C-14-1575 EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO TRANSFER VENUE**<br><br>**(Docket No. 92)** |

Currently pending before the Court is Plaintiff's motion to transfer venue pursuant to 28 U.S.C. § 1404 ("Motion"). Docket No. 92. Having reviewed the parties' briefs and accompanying submissions, the Court concludes that oral argument is unnecessary. For the reasons discussed below, the Court hereby **DENIES** Plaintiff's Motion.

### I. FACTUAL & PROCEDURAL BACKGROUND

Bosch is a Michigan corporation with its principal place of business in California. Cardiocom is a Minnesota corporation with its principal place of business in Minnesota. Complaint, Docket No. 1, at 1. Bosch filed its first case against Cardiocom in this District on July 24, 2012. *See Bosch v. Cardiocom*, C-12-3864 EJD ("*Bosch v. Cardiocom I*"), Docket No. 1. That case remains pending before Judge Davila and asserts that Cardiocom infringed six patents related to communications systems for remotely monitoring patient health. *Bosch v. Cardiocom I*, Docket No. 1, ¶¶ 5-11. In response to *Bosch v. Cardiocom I*, Cardiocom requested that the United States Patent and Trademark Office ("USPTO") reexamine the six asserted patents. Opposition, Docket No. 101, 2:17-21. The USPTO granted reexamination on those patents. *Id.* Cardiocom then moved to stay

*Bosch v. Cardiocom I* while the USPTO reexamined the patents. *Id.* at 2:22. On December 3, 2012, Judge Davila granted the stay "pending final exhaustion of the patent reexamination proceedings, including any appeals." *Id.* at 2:22-24, 3:1. Judge Davila ordered that the parties file a status report regarding the reexamination proceedings every six months, and the case remains stayed. *Id.* at 3:1-2.

Bosch then filed a second suit ("this case") against Cardiocom in the E.D. Tex. on April 26, 2013 alleging infringement of six patents related to methods and systems to remotely monitor patient health. Complaint at ¶ 13; Motion at 3:2-4. These patents differ from those at issue in *Cardiocom I*. On June 17, 2013, Cardiocom moved to transfer this case to this District. *See generally* Opposed Motion to Change Venue by Cardiocom, Docket No. 15. On March 3, 2014, Judge Gilstrap transferred this case to this District pursuant to the first-to-file rule and principles of dominant jurisdiction. *See generally* Order, Docket No. 51. Judge Gilstrap explained that the parties disputed whether the law governing the first-to-file doctrine required the court to transfer the case automatically or only after considering 28 U.S.C. § 1404 convenience factors. *Id.* Ultimately, he stated that the court did not need to determine the correct legal standard regarding the first-to-file doctrine because the transfer was warranted "under either circumstance." *Id.* Judge Gilstrap discussed the similarities between the suits and the fact that the § 1404 private and public interest factors outlined in *In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008), favored transfer. *Id.* Accordingly, he determined that the Northern District of California would be the most convenient venue for this case. *Id.*

On April 9, 2014, Cardiocom filed a motion asking Judge Davila whether this case and *Bosch v. Cardiocom I* should be related and requesting the two cases' consolidation. Yu Declaration, Docket No. 94, Exhibit 5. By administrative order, the court rejected Cardiocom's motion. *Id.* at Exhibit 6.

## II. DISCUSSION

A. <u>The Original Purpose of the Transfer to this District Has Not Been Frustrated</u>

Courts generally disfavor motions to retransfer. *Illumination Mgmt. Solutions, Inc. v. Ruud*, 10-C-1120, 2011 WL 4356509 (E.D. Wis. Sept. 16, 2011) (stating that "motions for retransfer are

looked upon with disfavor"). However, a transferee court may retransfer if "impelling and unusual" circumstances exist, the original transfer order is "manifestly erroneous" or "the original purposes of the transfer have been frustrated by an unforeseeable later event." *Ametek, Inc. v. Hewlett-Packard Co.*, C-90-20278 DLJ, 1990 WL 10072473, at *1 (N.D. Cal. July 10, 1990). Bosch does not assert that impelling and unusual circumstances exist or that the original transfer order is manifestly erroneous. Instead, it claims that retransfer is warranted because the original purpose of the transfer – to facilitate consolidating this case to *Bosch v. Cardiocom I* – has been frustrated by Judge Davila's decision not to relate the cases. Motion at 1:5-8.

Bosch relies on *Russell v. IU International Corporation*, 685 F. Supp. 172 (N.D. Ill. 1988), where the Northern District of Illinois retransferred a case back to the Middle District of Florida. Motion at 5:6-19. In *Russell*, employees filed suit alleging various fraud claims in the Middle District of Florida ("Florida Action"). 685 F. Supp. at 173. A similar claim had been filed previously in the Northern District of Illinois ("Illinois Action"). *Id.* at 174. On defendants' motion, the Florida court transferred the Florida Action to the Northern District of Illinois for consolidation with the Illinois Action. *Id.* Subsequent to the transfer, the Illinois court denied the Florida defendants' motion for consolidation. 685 F. Supp. at 174-75. Accordingly, on the Florida plaintiffs' motion, the Northern District of Illinois retransferred the Florida Action back to the Middle District of Florida, explaining that the motion for consolidation's denial frustrated "the original purposes of the transfer" creating "an unanticipated change of circumstances that justifie[d]" transferring the case to its original district. *Id.* at 175.

Bosch argues that this Court is "identically postured" to the court in *Russell* and, as a result, the Court should transfer this case back to the E.D. Tex. Motion at 8:19-20. The Court disagrees. Another court in this District has previously distinguished *Russell* in denying a motion to retransfer. *Ametek*, 1990 WL 10072473, at *2. In *Ametek*, the court explained that unlike in *Russell*, the court that had originally transferred the *Ametek* case to this District "did not state that the *sole* reason for transfer was the relatedness of the actions." *Id.* Accordingly, the court concluded that the subsequent dismissal of the purportedly "related" action was not a sufficient change in circumstances justifying retransfer. *See id.* The same is true here. In this case, Judge Gilstrap

3

identified the § 1404 factors in his order as an alternative cause for transfer, and found that, under these factors, California was the most convenient forum. Order, Docket No. 51, at 2. Hence, even if potential consolidation was a factor leading to Judge Gilstrap's decision to retransfer, it was not the sole factor. Convenience of this venue provides an independent basis for the transfer, and this basis still applies. Thus, the purposes of the transfer have not been entirely frustrated.

B.     The § 1404 Balancing Factors Weigh Against Transferring this Case to Texas

Even if this Court were to reweigh the § 1404 balancing factors, it would not retransfer this case. As an initial matter, the party seeking transfer, here, Plaintiff Bosch, bears the burden of showing that transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *W. Marine, Inc. v. Watercraft Superstore Inc.*, C-11-04459 HRL, 2012 WL 479677, at *8 (N.D. Cal. Feb. 14, 2012). Bosch argues that Cardiocom bears the burden of proving that the other factors outweigh the need to respect Bosch's choice of forum. Motion at 6:18-25, 10:2-7. However, the cases upon which Bosch placed the burden on the *defendant* – the party moving to transfer. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Secs. Investor Prot. Corp. v. Vigman,* 764 F.2d 1309, 1317 (9th Cir. 1985); *Vice v. Woodline U.S., Inc.*, C-10-04103 CW, 2011 WL 207936 (N.D. Cal. Jan. 21, 2011). While Cardiocom initially moved for transfer in the E.D. Tex., that transfer was granted and the case is now before this Court. *Bosch* is now the party seeking to transfer this case back to the E.D. Tex. Accordingly, as other courts have noted in similar contexts, it – as the moving party – bears the burden of establishing the propriety of a § 1404 transfer. *See, e.g.*, *Hicks v. T.L. Cannon Mgmt. Corp.*, C-13-0642, 2013 WL 4508440, at *3 (N.D.N.Y. Aug. 23, 2013); *HAB Carriers, Inc. v. Arrow Truck Sales, Inc.*, C-07-4390, 2009 WL 2589108, at *1 (D.N.J. Aug. 21, 2009).

A district court may transfer a civil action to any other district or division where it may have been brought "for the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a). The purpose of § 1404(a) "is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Kohli v. McKesson Corp.,* C-13-03199 CRB, 2013 WL 5733721 (N.D. Cal. Oct. 22, 2013) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)) (internal quotations omitted).

Courts employ a two-step analysis in deciding whether to transfer an action. *Park v. Dole Fresh Vegetables, Inc.*, C-13-0872 LHK, 964 F. Supp. 2d 1088, 1093 (N.D. Cal. 2013). First, a court asks whether the action could have been brought in the forum where the moving party seeks to transfer the case. *Id.* The parties do not dispute that this action could have been brought in the E.D. Tex. The E.D. Tex. has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a), which states that "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." Further, Cardiocom waived any challenge to personal jurisdiction and venue in that district by filing an answer in lieu of a motion to dismiss when this case was first brought in the E.D. Tex. Fed. R. Civ. P. 12(h); *see also Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106 (9th Cir. 2000) (stating that, under Rule 12(h), defenses, such as lack of personal jurisdiction and improper venue, "must be raised at the first available opportunity or, if they are not, they are forever waived").

Once that threshold requirement is met, a district court may consider the motion based on "an 'individualized, case-by-case consideration of convenience and fairness.'" *Park*, 964 F. Supp. 2d at 1093 (quoting *Van Dusen*, 376 U.S. at 616). District court judges have wide discretion in weighing § 1404 factors because "weighing the factors for and against transfer involves subtle considerations . . . best left to the discretion of the trial judge." *Commodity Futures*, 611 F.2d at 279 (citations omitted). The Ninth Circuit has noted that, in exercising its discretion, a court may consider factors such as:

> (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiffs' cause of action in the chosen forum, (6) the difference in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000); *see also Decker*, 805 F.2d at 843.

Consistent with the above, courts in this district articulate the relevant factors as:

> (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Vu v. Ortho–Mcneil Pharm., Inc.*, C-08-5717 SI, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009). In this case, factor (5) is inapplicable because patent law is a national body of law and both forums are familiar with the applicable law. *See Hawkes v. Hewlett-Packard Co.*, C-10-05957 EJD, 2012 WL 506569 (N.D. Cal. Feb. 15, 2012) ("District courts are equally capable of applying federal law." (citation omitted)). While one factor, Bosch's choice of forum, favors transfer, all other factors are neutral or weigh against transfer.

### 1. Plaintiff's Choice of Forum

Though substantial weight is generally accorded to a plaintiff's choice of forum, that deference is lessened in certain circumstances, including if that forum is not plaintiff's residence or the conduct giving rise to the suit did not occur in that forum. *Park*, 964 F. Supp. 2d at 1094-95 (stating that "[w]hile substantial consideration is generally given to a plaintiff's choice of forum, the degree of deference is substantially diminished in several circumstances, including where: (1) the plaintiff's venue choice is not its residence; [and] (2) the conduct giving rise to the claims occurred in a different forum" (citations and internal quotations omitted)). The E.D. Tex. is not Bosch's residence. *See* Complaint at 1. In fact, Bosch's principal place of business is California. *Id.* Further, Bosch only asserts that conduct related to this case occurred nationwide, including in the E.D. Tex. Motion at 11:25-27. Thus, Bosch's choice of forum is entitled to less deference and other § 1404 factors must be balanced against it.

### 2. Convenience of the Parties and Witnesses

The convenience of the parties and witnesses weighs against transfer. Bosch argues that the E.D. Tex. is closer to Minnesota, where Cardiocom resides. Motion at 10:12-22. It also argues that Cardiocom has only identified two third-party witnesses, one who has already submitted to jurisdiction in the E.D. Tex., and another who is not within this District's subpoena power. *Id.*

1 Cardiocom argues that this District is more convenient for the parties and third-party
2 witnesses. Opposition at 7-10. It argues that this District is more convenient for Bosch's witnesses
3 because Bosch's principal place of business is in this District. *Id.* at 8:19-20. Further, Cardiocom
4 lists several of Bosch's key witnesses who reside or work in this District. *Id.* at 8:20-27, 9:1-6. On
5 the other hand, according to Cardiocom, Bosch has not identified one witness that lives or resides in
6 the E.D. Tex. *Id.* at 9:7-8. Cardiocom also asserts that the geographic distance between Minnesota
7 and the E.D. Tex. does not make travel to the E.D. Tex. easier. *Id.* at 9:19-24. Instead, it argues that
8 its witnesses can travel to this District more easily than to the E.D. Tex. given the greater number of
9 direct flights to this District. *Id.* at 10:1-2.

10 Thus, the parties lack any demonstrated connection to the E.D. Tex., while Cardiocom
11 provided facts substantiating its claim that Bosch has connections to this District. Accordingly, the
12 convenience of the parties and witnesses weighs in favor of maintaining this action in this District.

13     3. <u>Ease of Access to the Evidence</u>

14 This factor, even in a light most favorable to Bosch, weighs neutrally. Neither party asserts
15 that it has any contacts with or sources of proof in the E.D. Tex. *See* Motion at 12:1-2 (showing this
16 absence); *generally* Opposition (showing this absence). Bosch states in reference to access to
17 evidence that "Cardiocom's headquarters are in Minnesota, not [in this District], and Bosch will
18 make its evidence available in the [E.D. Tex.]." Motion at 12:1-2. Presumably, Bosch will be
19 "making its evidence available" by transporting it from its principal place of business in California.
20 Even assuming *arguendo* that the proof will be electronically-sourced or will come from locations
21 other than Bosch's California principal place of business, nothing indicates that the evidence will be
22 *more* readily available in the E.D. Tex. Thus, this factor does not support Bosch's argument for
23 transfer.

24     4. <u>Feasibility of Consolidation with Other Claims</u>

25 This factor, even in a light most favorable to Bosch, also weighs neutrally. Judge Davila's
26 order states that this case will not be consolidated with *Bosch v. Cardiocom I*. Yu Declaration,
27 Exhibit 6. However, Judge Davila's order does not prevent future coordination of pre-trial
28 proceedings or discovery if beneficial and efficient for the parties and/or the Court. Opposition at

7

14:21-22. By contrast, no potential for consolidation or coordination exists in the E.D. Tex. as no claims between these parties remain there. Thus, this factor does not support Bosch's argument either.

### 5. Any Local Interest in the Controversy

No local interest in the controversy exists in the E.D. Tex. as none of the parties reside in that district and no specific actions have occurred there. If anything, this District has an interest in this case because of Bosch's presence here.

### 6. The Relative Court Congestion and Time of Trial in Each Forum

The parties do not assess this factor. Nonetheless, it is likely neutral.

### 7. Other Timing Issues Related to the Interests of Justice

The parties dispute how much process was completed in Texas before the original transfer. Bosch argues that the interests of justice favor a return to the E.D. Tex. because, according to Bosch, the case was pending in the E.D. Tex. for a year, a schedule was entered before transfer, trial dates were set for next January, and parties had completed many of the major deadlines required for patent litigation in the E.D. Tex. Yu Declaration at ¶ 3. Bosch claims that Cardiocom has refused to participate in discovery or recreate and reexchange those disclosures in accordance with this District's Rules. Motion at ¶ 2(B). Thus, it argues that remaining in this District will lead to a duplication of costs and efforts by both parties avoidable by transferring this case back to the E.D. Tex.

On the other hand, Cardiocom asserts that this case sat dormant while awaiting transfer to this District. Opposition at 3:9. It explains that it has now moved to stay this case pending inter parties proceedings before the USPTO. Opposition at 14:18-19. It argues that the number of patents and claims in each case may be significantly reduced through those USPTO proceedings. Opposition at 14:20-21. Accordingly, Cardiocom suggests that the interests of justice will not be served by retransfer. Even if some process was completed in the E.D. Tex., its existence is insufficient to warrant retransfer.

### III. CONCLUSION

For the foregoing reasons the motion to transfer this case to the E.D. Tex. is **DENIED**. This order disposes of Docket No. 92.

IT IS SO ORDERED.

Dated: June 13, 2014

_____
EDWARD M. CHEN
United States District Judge