UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BOSCH HEALTHCARE SYSTEMS, INC., <br><br>             Plaintiff, <br><br>    v. <br><br> CARDIOCOM LLC, <br><br>             Defendant. | Case No. 14-cv-01575-EMC <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO LIFT STAY** <br><br> Docket No. 171 |

For the reasons stated on the record in the March 2, 2017 hearing, Plaintiff's motion to lift the stay in this case is **DENIED.** This order is intended to supplement and memorialize the Court's ruling.

Plaintiff Robert Bosch Healthcare Systems ("Bosch") filed this suit alleging that Defendant Cardiocom had infringed six different patents. On July 3, 2014, the Court stayed the case pending a series of *inter partes* review ("IPR") and *ex parte* reexamination proceedings instituted by Cardiocom before the U.S. Patent Office ("PTO"). Following the Court's stay, the various PTO proceedings resulted in the cancellation of all claims with respect to four of the original six patents, and Bosch states that it will no longer pursue any claims related to those patents. Motion at 2 n.2. Two patents, the '605 patent and the '249 patent, remain at issue. The initial IPR proceedings with respect to those patents in place at the time of the stay were resolved in Bosch's favor on a procedural ground, namely that Cardiocom's parent company had failed to identify Cardiocom as a real party in interest. *See* Docket No. 177 (Chad Decl.) Ex. 5; Motion at 8 n.4. In both IPR proceedings, however, the Patent Trial and Appeal Board ("PTAB") had concluded that *Cardiocom*, not Bosch, was *likely to prevail on the merits*. Chad Decl. Exs. 4 & 6.

Cardiocom subsequently filed additional *ex parte* reexamination requests for the '605 and '249 patents. In acting on those reexamination requests, the PTO issued office actions rejecting *all* of Bosch's claims with respect to those two patents. Specifically, with respect to the '249 patent, the PTO issued its Final Office Action rejecting all of Bosch's claims, Chad Decl. Ex. 3, and has denied Bosch's request for reconsideration, Chad Decl. Ex. 19. With respect to the '605 patent, the PTO issued an initial Office Action rejecting all of Bosch's claims. Chad Decl. Ex. 13. The parties expect a Final Office Action in the near future.

Bosch asks the Court to lift the stay on the ground that all of the IPR and ex parte reexamination proceedings for the '249 and '605 patents that were in progress at the time the stay was imposed have been resolved in Bosch's favor. "[A] court that imposes a stay of litigation has the inherent power and discretion to lift the stay." *Ho Keung Tse v. Apple, Inc.*, No. C 06-06573 SBA, 2013 WL 5302587, at *2 (N.D. Cal. Sept. 19, 2013) (quoting *Canady v. Erbe Elektromedizin GMBH,* 271 F. Supp. 2d 64, 74 (D.D.C.2002)). A court may lift the stay if the circumstances supporting the stay have changed such that the stay is no longer appropriate. *Id.* In determining whether to lift a stay, courts look to the same factors which inform whether the stay was appropriate in the first place. *Evolutionary Intelligence, LLC v. LivingSocial, Inc.*, No. 13-cv-04205-WHO, 2014 U.S. Dist. LEXIS 81642, at *5 (N.D. Cal. June 16, 2014). Courts traditionally consider three main factors in determining whether to stay a case pending reexamination of a patent: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (citation omitted). In considering these factors, courts look at the "totality of circumstances." *Pi-Net Int'l, Inc. v. Hertz Corp.*, C-12-10012, 2013 WL 7158011, at *2 (C.D. Cal. June 5, 2013).

In this case, the three factors weigh in favor of continuing the stay. The first factor, which considers the stage of the proceedings, and specifically "whether discovery is complete and whether a trial date has been set," necessarily favors maintaining the stay, as the case has been frozen at the same early stage it was at when the Court first entered the stay.

The second factor, "whether a stay will simplify the issues in question and trial of the case," strongly favors maintaining the stay. Cardiocom's initial IPR and ex parte reexamination petitions resulted in the cancellation of all claims from four of the six patents Bosch initially asserted. As the current reexamination petitions now stand, the remaining claims with respect to the last two patents have also been rejected. Thus, if the PTO maintains its current position, Bosch will have no claim for infringement whatsoever. As Cardiocom argues, "[n]othing could simplify the case more than eliminating the infringement claims in their entirety." Docket No. 176 ("Opp.") at 12. At present, it appears that the most likely result, should the stay remain in place, is that this case will not need to be litigated at all.

Finally, maintaining the stay will not "unduly prejudice or present a clear tactical disadvantage" to Bosch. Significantly, the '605 patent expired on October 16, 2016, and the '249 patent expires in April 2017 – before this case could reach a resolution on the merits even in the absence of a stay. Accordingly, no injunctive relief will be available to Bosch in any event; any relief would only be for past damages. Moreover, Bosch no longer competes with Cardiocom, and thus no competitive harm will result from the stay. Because there will be no threat of ongoing harm, waiting for the PTO proceedings to complete will not inflict any substantial or irreparable harm to Bosch.

To be sure, the Court agrees with Bosch that it would be unfair to permit Cardiocom to delay this case indefinitely by filing serial reexamination requests. Accordingly, should any of Bosch's claims survive the reexamination proceedings that are currently in progress, this case will move forward; the Court will not further extend the stay due to any further administrative petitions filed by Cardiocom. In addition, at hearing, Bosch requested that the Court bar Cardiocom from raising any bases for invalidity not previously asserted before the PTO, including any new prior art. While the Court will not impose such a bar, any such newly raised arguments will be treated

///
///
///
///

3

1  with skepticism, given the fact that Cardiocom has had multiple chances to make its best case
2  before the agency.  Any attempt to raise such claims may give rise to further evidentiary or
3  substantive rulings in regard thereto.
4      This order disposes of Docket No. 171.

6  **IT IS SO ORDERED**.

8  Dated: March 16, 2017

                                          EDWARD M. CHEN
                                          United States District Judge